IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **ORTHOFIX, INC**., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 2:13-cv-11421-SJM RSW |
| | § | |
| **ROBERT LEMANSKI**, | § | Hon. Stephen J. Murphy III |
| | § | Magistrate R. Steven Whalen |
| Defendant/Counter-Plaintiff. | § | |

**ORTHOFIX'S MOTION FOR LEAVE TO FILE SUR-REPLY AND BRIEF IN SUPPORT**

**BASIS OF MOTION AND ISSUES PRESENTED**

In this action against Robert Lemanski based on his breach of his employment agreement with Orthofix, Inc., his disclosure and misappropriation of Orthofix's trade secrets, and his tortious interference with Orthofix's business relations, Lemanski filed a Motion to Dismiss Orthofix's First Amended Complaint. In his Reply Brief in support of his Motion to Dismiss, Lemanski raised a new argument that is based on a flawed interpretation of the Sales Agreement entered into between Orthofix and Lemanski. Counsel for Orthofix asked counsel for Lemanski if they would agree to Orthofix filing a sur-reply, but Lemanski's counsel refused. Therefore, Orthofix respectfully requests that the Court exercise its discretion to grant leave for Orthofix to file a short sur-reply to address this new argument.

## MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

*Audi AG v. D'Amato*, No. 04-CV-70665-DT, 2007 U.S. Dist. LEXIS 16863 (E.D. Mich. Jan. 3, 2007)

*Matthews v. Wells Fargo Bank*, No. 12-2554, 2013 U.S. App. LEXIS 18770 (6th Cir. Sep. 6, 2013)

*Nolan LLC v. TDC Int'l Corp.*, No. 06-14907, 2009 U.S. Dist. LEXIS 47445 (E.D. Mich. Jun 5, 2009)

*Eng'g & Mfg. Servs., LLC v. Ashton*, 387 Fed. Appx. 575 (6th Cir. 2010)

# ORTHOFIX'S MOTION FOR LEAVE TO FILE SUR-REPLY AND BRIEF IN SUPPORT

Plaintiff, Orthofix Inc. ("Orthofix"), hereby files this Motion for Leave to File a Sur-Reply in Opposition to Defendant/Counter-Plaintiff Robert Lemanski's Rule 12(B)(6) Motion to Dismiss First Amended Complaint (ECF No. 15, Aug. 6, 2013) and respectfully shows the Court as follows:

## I. BASIS OF THE SUR-REPLY

It is well established that a party may not raise new arguments or theories in a reply. Nevertheless, Defendant Robert Lemanski ("Lemanski") waited until his Reply in Support of his Motion to Dismiss (ECF No. 19, Sept. 10, 2013) ("Reply") to raise a new argument related to the post-employment restrictions of the Sales Agreement ("Agreement") at issue here. Even worse, this argument is based on a flawed interpretation of the Agreement's terms. Because undue prejudice would result from Lemanski's improper tactics and mischaracterization of the Agreement, Orthofix respectfully requests leave to file a sur-reply.

## II. ARGUMENT AND AUTHORITIES

"This Court's local rules allow the Court to order the filing of additional documents in support or opposition to a motion." *Audi AG v. D'Amato*, No. 04-CV-70665-DT, 2007 U.S. Dist. LEXIS 16863, at *3-*4 (E.D. Mich. Jan. 3, 2007) (citing former Local Rule 7.1(f)); *see also* Local Rule 7.1(g); *Matthews v. Wells Fargo Bank*, No. 12-2554, 2013 U.S. App. LEXIS 18770 (6th Cir. Sep. 6, 2013)

(recognizing that Local Rule 7.1(g) does not prohibit sur-replies and that courts in the Eastern District of Michigan have often allowed their filing). "'The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court.'" *Nolan LLC v. TDC Int'l Corp.*, No. 06-14907, 2009 U.S. Dist. LEXIS 47445, at *4 (E.D. Mich. Jun 5, 2009) (quoting *Flynn v. Veazey Constr. Corp.*, 310 F. Sup. 2d 186, 189 (D.D.C. 2004)) (granting motion for leave to file sur-reply). A court should allow leave to file a sur-reply when a reply brief raises new arguments or introduces new evidence. *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 Fed. Appx. 575, 583 (6th Cir. 2010) (abuse of discretion for district court to deny leave to file sur-reply after reply raised new argument and evidence); s*ee also Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481-82 (6th Cir. 2003).

Here, Lemanski's Reply raised an entirely new issue—a purported limitation on the post-employment restrictions in the Agreement to cover only Lemanski's sales of competing products. *See* Reply 4, 8. Compounding the prejudice from this is the fact that the argument is based on a flawed interpretation of the Agreement. *Compare* Reply 4, 8 *with* Agreement, Am. Compl., Ex. A (ECF No. 9-1, June 14, 2013) ¶¶ 3.1, 3.3. In order to avoid harm to Orthofix as a result of Lemanski's tactics, Orthofix seeks leave to file a short sur-reply addressing this one narrow issue. Orthofix's proposed Sur-Reply in Opposition to Motion to Dismiss is attached hereto as **Exhibit A**. Because Lemanski's argument was not

raised until the Reply, and it risks misleading the Court, this request should be granted.

## III. CONCLUSION

Accordingly, for the reasons stated above, Orthofix respectfully requests that the Court grant it leave to file the sur-reply.

Respectfully submitted,

*/s/ Jennifer D. McCollum*
Jennifer D. McCollum ( PHV)
Texas Bar No. 24053617
Jennifer.McCollum@bakermckenzie.com

Weldon Barton Rankin (PHV)
Texas Bar No. 24037333
Bart.Rankin@bakermckenzie.com

Nicholas O. Kennedy ( PHV)
California Bar No. 280504
Nicholas.Kennedy@bakermckenzie.com

BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Tel.: (214) 978-3000
Fax: (214) 978-3099

**-and-**

Morley Witus (P30895)
mwitus@bsdd.com

BARRIS, SOTT, DENN &
DRIKER, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
(313) 965-9725
(313) 983-3329 fax

**ATTORNEYS FOR PLAINTIFF/
COUNTER-DEFENDANT
ORTHOFIX, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court. All others were served a copy via U.S. mail.

/s/ *Jennifer D. McCollum*
Jennifer D. McCollum (PHV)
Texas Bar No. 24053617
Jennifer.McCollum@bakermckenzie.com

Attorneys for Plaintiff/Counter-Defendant
Orthofix, Inc.

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Brief complies with the requirements of E.D. Mich. LR 5.1 and 7.1.

*/s/ Jennifer D. McCollum*
Jennifer D. McCollum (App. PHV)
Attorneys for Plaintiff/Counter Defendant
Orthofix, Inc.

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Orthofix conferred with counsel for Lemanski to seek concurrence in this motion and explain the legal basis pursuant to Local Rule 7.1(a), but Lemanski's counsel refused to agree.

*/s/ Jennifer D. McCollum*
Jennifer D. McCollum ( PHV)
Attorneys for Plaintiff/Counter Defendant
Orthofix, Inc.